No. 691

MacARTHUR v. STATE

Ohio Appeals, 7th Dist., Mahoning Co.

Decided March 20, 1925

1273. WITNESSES—Where question to, is one to be ultimately passed upon by the jury, it must be declared incompetent and inadmissable.

ROBERTS, J.

Loris MacArthur was tried in the Mahoning Common Pleas upon a charge of having unlawfully killed one, Lillian Hollingsberry. The offense charged was manslaughter, it being claimed that he unintentionally killed said Lillian Hollingsberry while engaged in an unlawful act, namely, the violation of certain statutes regulating speed and operation of automobiles, MacArthur at the time, driving his automobile.

From the evidence it was shown that about eleven o'clock at night, while driving his machine, he struck three ladies who were standing in a safety zone, injuring one and killing the other two. Conviction was sought upon the proposition that MacArthur violated 12603 and 12603-1 GC. He was convicted as charged.

Error was prosecuted and MacArthur claimed that the verdict of conviction should be reversed on the ground that a witness on cross-examination was permitted to answer the following question: "Would you say that on the night of November 17, 1923, that Loris MacArthur was operating his car in and upon Market Street at a rate of speed when you saw him, greater than was reasonable and proper, having regard for width, traffic and general and usual rules of said street?"

It was contended that this question was for the jury to decide and not a question for expert opinion. The Court, in overruling the objection of admission of the testimony, said that cross-examination extends not only to what was inquired about on direct examination, but also to what might have been inquired about, and that the question put to the witness concerned a matter of fact. It was also

urged that the charge of the court was not clear and tended to confuse the jury. The Court of Appeals held:

1. A question to a witness which calls for his opinion on the precise issue of fact which the jury is sworn to determine from the evidence, is incompetent. Fowler v. Delaplain, 79 OS. 279.

2. It was suggested by the court that the cross-examination was proper because it was a subject matter which counsel for defense might have inquired about on direct examination. Counsel for MacArthur had inquired with regard to the facts observed by the witness, but no inquiry was made as to what the opinion of the witness was as to whether the speed was greater than was reasonable and proper.

3. If such question was asked it would have been incompetent, counsel for MacArthur not having the right to seek opinion of witness upon this proposition.

4. The answer of the witness was opinion evidence and not testimony of a fact. Judgment reversed, and cause remanded.

Attorneys—Nicholson & Warnock, and Wilson, Hahn, Henderson & Wilson, for MacArthur; T. J. Thomas, Pros. Atty., for State; all of Youngstown.